```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

DAVID CAPETTA,                     :
                                   :
     Plaintiff,                    :
                                   :
v.                                 :  No. 3:11-cv-00005(RNC)
                                   :
CITY OF WEST HAVEN,                :
                                   :
     Defendant.                    :
```

                          RULING AND ORDER

     Plaintiff David Capetta brings this action against his employer, the West Haven Department of Education, alleging that the defendant has failed to provide him with a workplace that is wheelchair accessible.  He seeks relief under Title II of the ADA, Section 504 of the Rehabilitation Act and state law.  Defendant has moved to dismiss the complaint relying mainly on plaintiff's failure to exhaust administrative remedies.  For reasons that follow, the motion to dismiss is granted but plaintiff will have an opportunity to file an amended complaint as to the Rehabilitation Act claim.

     In ruling a motion to dismiss, the Court must read the complaint in a light most favorable to the plaintiff, accepting all non-conclusory factual allegations as true and drawing all reasonable inferences in his favor.  Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  If the plaintiff pleads "enough facts to state a

                                  1

claim to relief that is plausible on its face," the motion to dismiss must be denied.  <u>Twombly</u>, 550 U.S. at 570.

The complaint alleges the following.  Plaintiff's office is in a building constructed prior to 1992.  The building is not readily accessible to wheelchair-bound persons.  Plaintiff is unable to enter or exit the building without assistance and at least once had to call the West Haven Fire Department for help.  On several occasions, he has had to wait outside the building in inclement weather until someone arrived to help him enter the building.  Similar problems arise when he visits other buildings, including several schools, which he is required to do as part of his employment.  Plaintiff endured these conditions for over two years, thereby missing the 180- and 300-day deadlines for filing a charge with the EEOC, a required step before bring suit under Title I of the ADA.  <u>See</u> 42 U.S.C. §§ 2000e-5(e)(1), (f)(1) & 12117(a).

Count I of the complaint alleges disability discrimination under Title II of the ADA.  The ADA has five titles.  Title I is entitled "Employment," and Title II is entitled "Public Services."  An employee of a municipal government may bring an action under Title I for discrimination, but to do so, he must first exhaust administrative remedies with the EEOC.  Title II, which does not require exhaustion, reads, in pertinent part:

"Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  Courts note that this provision contains two clauses: the first is "be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity," and the second is "be subjected to discrimination by any such entity."  The plaintiff's Title II claim rests on the argument that the second clause includes discrimination in employment.

Defendant moves to dismiss this count arguing that a plaintiff may not circumvent the exhaustion requirement of Title I by bringing an employment discrimination claim under Title II.  Since the briefing was completed, the Second Circuit has ruled that a public employee may not bring a Title II claim against his employer.  <u>Mary Jo C. v. New York State and Local Retirement System</u>, 707 F. 3d 144, 171 (2d Cir. 2013).  In accordance with this binding authority, the plaintiff's Title II claim, brought solely on the basis of his status as an employee, must be dismissed.

Plaintiff also seeks relief under Section 504 of the Rehabilitation Act, which prohibits disability discrimination by programs and entities receiving federal funding.  29 U.S.C. § 794(a).  The Supreme Court has stated that "it is unquestionable that the section [504] was intended to reach employment discrimination."  Consol. Rail Corp. v. Darrone, 465 U.S. 624, 632 (1984).  Defendant argues that the Section 504 claim must be dismissed because plaintiff has failed to exhaust administrative remedies.  It argues that employees should not be permitted to circumvent Title I's exhaustion requirement by filing Section 504 claims.  Because the ADA and Section 504 are generally interpreted in tandem, see Henrietta D. v. Bloomberg, 331 F.3d 261, 272 (2d Cir. 2003), the defendant would have the Court impute the exhaustion requirement of Title I of the ADA to Section 504.

Unlike the ADA, which derives its procedural requirements from Title VII, "[t]he Rehabilitation Act derives its procedural requirements from Title VI, which does not have an exhaustion requirement."  Brennan v. King, 139 F.3d 258, 268 n. 12 (1st Cir. 1998).  Every court of appeals to confront the issue has held that a plaintiff suing a private employer under Section 504 need not exhaust administrative remedies.  See Freed v. Consol. Rail Corp., 201 F.3d 188, 194 (3d Cir. 2000); Brennan v. King,

4

139 F.3d 258, 268 n. 12 (1st Cir. 1998) ("The Rehabilitation Act derives its procedural requirements from Title VI, which does not have an exhaustion requirement."); Tuck v. HCA Health Serv. of Tennessee, Inc., 7 F.3d 465, 470-71 (6th Cir. 1993) ("In the context of private employers and private employees, however, there is no exhaustion requirement."); Smith v. Barton, 914 F.2d 1330, 1338 (9th Cir. 1990); Miener v. State of Missouri, 673 F.2d 969, 978 (8th Cir. 1982); Pushkin v. Regents of the Univ. of Colo., 658 F.2d 1372, 1382 (10th Cir. 1981); Lloyd v. Regional Transp. Auth., 548 F.2d 1277, 1287 (7th Cir. 1977). Several district courts within this Circuit also have concluded or assumed that suits under Section 504 against an employer other than the federal government do not require exhaustion. See Henny v. New York State, 842 F. Supp. 2d 530, (S.D.N.Y. 2012); Cohn v. KeySpan Corp., 713 F. Supp. 2d 143, 158 (E.D.N.Y. 2010); Rodriguez v. Int'l Leadership Charter Sch., No. 08 Civ. 1012, 2009 WL 860622, at *5 (S.D.N.Y. Mar. 30, 2009) (holding that although a plaintiff must exhaust administrative remedies under the Rehabilitation Act before commencing suit against a federal employer, there is no such exhaustion requirement with respect to claims under the Rehabilitation Act against a recipient of federal funding); Gilmore v. Univ. of Rochester Strong Mem'l Hosp. Div., 384 F. Supp. 2d 602, 609-610 n.6

(W.D.N.Y. 2005).  The defendant cites no case to the contrary and none has been found.

In considering this issue, the analysis in Freed is helpful.  The defendant argued that the plaintiff should not be permitted to circumvent the exhaustion requirements of the ADA by filing a complaint under section 504 of the Rehabilitation Act.  Id. at 194.  The court observed that when two sections of the same statute appear to conflict, as is true for Section 504 claims brought by federal employees (who have a remedy under Section 501 requiring exhaustion), it is reasonable to infer that Congress does not intend to permit circumvention of procedural requirements.  Id. (distinguishing Spence v. Straw, 54 F.3d 196 (3d Cir. 1995)).  But this inference is not available when a court is dealing with two separate statutes.  Freed, 201 F.3d at 194.  The court also noted that Congress has expressly required exhaustion of Rehabilitation Act claims that could have been brought under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(f).[1]  Id.  Congress has provided for coordination between the ADA and the Rehabilitation Act for certain purposes, but exhaustion is not among them.  Id.

Consistent with the cases cited above, I conclude that claims brought against non-federal employers under Section 504

---

[1] See Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist., 288 F.3d 478, 483 (2d Cir. 2002).

of the Rehabilitation Act are not subject to an exhaustion requirement. Even so, plaintiff's claim must be dismissed without prejudice because the complaint does not allege that the defendant is a recipient of federal financial assistance. See Roberts v. Mazda Motor Mfg. Corp., No. 90-CV-73398- DT, 1992 U.S. Dist. LEXIS 11588, at *20 (E.D.N.Y. Mar. 25, 1992) ("A failure to allege that defendant is a recipient of 'federal financial assistance' is fatal to a claim under 29 U.S.C. § 794."). If the plaintiff can allege that the defendant was receiving federal aid at the relevant time, he may file an amended complaint.

Plaintiff also brings state law claims for negligent and intentional infliction of emotional distress. Connecticut law does not permit negligent infliction of emotional distress claims "arising out of conduct occurring within a continuing employment conduct, as distinguished from conduct occurring in the termination of employment." Perodeau v. City of Hartford, 259 Conn. 729, 762-63 (2002).[2] All the conduct alleged in the complaint occurred during the course of plaintiff's employment. Accordingly, this claim must be dismissed.

---

[2] Though the holding in Perodeau technically applies only to individual defendants, "every court applying the reasoning of Perodeau has recognized Perodeau as barring such a cause of action against corporate defendants." Brunson v. Bayer Corp., 237 F. Supp. 2d 192, at 208 (D. Conn. 2002) (citing cases, including two against municipal defendants).

To state a claim for intentional infliction of emotional distress, plaintiff must allege conduct that "exceeds all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind."  DeLaurentis v. New Haven, 220 Conn. 225, 267 (1991).  Plaintiff's allegations do not meet this stringent standard.  The complaint alleges that he was forced to wait outside his workplace for long periods, including in inclement weather.  It also alleges that a Department of Education board member made a "derogatory" comment that plaintiff's complaints are politically motivated.  Accepting the complaint's non-conclusory factual allegations as true, no reasonable jury could find that the alleged conduct qualifies as "extreme and outrageous."

Accordingly, the Title II and state law claims are hereby dismissed with prejudice and the claim under section 504 of the Rehabilitation Act is dismissed without prejudice.  Plaintiff may file an amended complaint limited to the Section 504 claim on or before October 22, 2014.

So ordered this 30th day of September 2014.

_____/s/_____
Robert N. Chatigny
United States District Judge